**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs, | § | Civil Action No. 2:17-cv-0302 |
| v. | § | PATENT CASE |
| SQUARE ENIX, INC.,<br><br>Defendant. | § | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), for their complaint against defendant, Square Enix, Inc. ("Square Enix"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Upon information and belief, Square Enix, Inc. is a Washington corporation having a place of business at 999 N. Sepulveda Blvd., Third Floor, El Segundo, CA 90245 and Square Enix, Inc. is a wholly owned subsidiary of Square Enix of America Holdings, Inc., which is a wholly owned subsidiary of Square Enix Holdings Co., Ltd., a publicly traded corporation in Japan.

4. Upon information and belief, Square Enix, offers its products and/or services, including those accused herein of infringement, for purchase or download to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas.

5. Square Enix, Inc. may be served with process through its registered agent: Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

## JURISDICTION AND VENUE

6. Uniloc USA and Uniloc Luxembourg (collectively, "Uniloc") bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). This Court has personal jurisdiction over Square Enix, in part, because Square Enix provides infringing online services to subscribers who reside in this district. Upon information and belief, Square Enix is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products and/or services in Texas and this judicial district.

8. Square Enix is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,110,228)

9. Uniloc incorporates the paragraphs above by reference.

10. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,110,228 ("the '228 Patent"), entitled METHOD AND APPARATUS FOR SOFTWARE MAINTENANCE AT REMOTE NODES, by inventors Albright et al., that issued on August 29, 2000. A true and correct copy of the '228 Patent is attached as Exhibit A hereto.

11. The '298 Patent has been referenced by nearly 140 other patents and patent applications including those filed by Microsoft, IBM, Cisco, Xerox, Sun Microsystems, Lenovo, General Electric, Novell, AT&T, Verizon, SAP, Canon, Hitachi, Samsung, Matsushita, Panasonic, and McAfee.

12. Uniloc USA is the exclusive licensee of the '228 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

13. Square Enix provides a system called "Final Fantasy XIV," which includes client software and server software that services such client software.

14. The Final Fantasy XIV system has a launcher which not only updates itself, but also checks for updates to versions of the game based on, for example, new items released or obtained and/or an individual's subscription.

15. Upon information and belief, the following graphic illustrates, at least in part, how certain aspects of a representative sample of the Final Fantasy XIV launcher update and operate (unless otherwise noted, Square Enix is the source for each graphic in this complaint):



16. Once the launcher has updated, a new screen is displayed with the launcher and version number at the top.







17. From the launcher, a user can configure various items:




18. From the configuration in the preceding paragraph, one can choose whether to auto-install updated or not.







19. When a user logs in, an initial check is run to see if additional authorized packages need to be installed. A user can install by clicking on the package.






20. The graphic in the preceding paragraph also confirms that version checks occur:

You can check the status of available expansions and set them to install.
* Installation will begin at the same time as version checks.

21. A user can confirm they want the update:



22. The update begins to process with a report on progress:




23. The launcher contacts one or more remote servers for the update.



Filtered by ffxivlauncher.exe

| Image | PID | Address | Send (B/sec) | Receive (B... |
|---|---|---|---|---|
| ffxivlauncher.exe | 23652 | a23-72-137-121.deploy.static.akamaitechnologies.com | 61 | 33,833,212 |
| ffxivlauncher.exe | 23652 | 124.150.157.190 | 184 | 2,613 |
| ffxivlauncher.exe | 23652 | 124.150.158.117 | 88 | 506 |
| ffxivlauncher.exe | 23652 | 124.150.157.126 | 64 | 78 |

24. During the update process, a user can hit cancel to initiated a pause for the update process.




25. Upon logging back in, a recommencement or resume process occurs to determine the last code downloaded and remaining code needed. Thus, a pause/resume is in effect.






26. Users can purchase add-on items through a Mog Station Account.




•



27. Square Enix also has various patches which are provided through remote updates.

Source: http://na.finalfantasyxiv.com/lodestone/special/patchnote_log/

28. Square Enix uses versioning to determine which software components have been loaded.

29. Square Enix has directly infringed, and continues to directly infringe one or more claims of the '228 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Square Enix system during the pendency of the '228 Patent which software and associated backend server architecture inter alia allow for receiving users' requests for service (for example, upgrades), determining the service requested (for example, provide an upgrade), and providing the upgrade to the user in response to the request received by Square Enix from the remote user location.

30. In addition, should the Square Enix system be found to not literally infringe one or more claims of the '228 Patent, the Square Enix system would nevertheless infringe one or more claims of the '228 Patent under the doctrine of equivalents, including at least Claim 1. More

specifically, the Square Enix system performs substantially the same function (providing a service to a remote user location), in substantially the same way (via a request for service from the user's remote device), to yield substantially the same result (allowing a user to receive a service, such as an upgrade to an installed Square Enix application). Square Enix would thus be liable for direct infringement under the doctrine of equivalents.

31. Square Enix has indirectly infringed and continues to indirectly infringe one or more claims of the '228 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas by, among other things, actively inducing the using, offering for sale, selling, or importing the Square Enix system. Square Enix's customers who use the Square Enix system in accordance with Square Enix's instructions directly infringe one or more of the foregoing claims of the '228 Patent in violation of 35 U.S.C. § 271. Square Enix directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at Square Enix.com. Square Enix is thereby liable for infringement of the '228 Patent under 35 U.S.C. § 271(b).

32. Square Enix has indirectly infringed and continues to indirectly infringe one or more claims of the '228 Patent, including at least claim 1, in this judicial district and elsewhere in the Texas by, among other things, contributing to the direct infringement by others including, without limitation customers using the Square Enix system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '228 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

33. For example, the Square Enix software is a component of a patented machine,

manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Square Enix portal is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Square Enix is, therefore, liable for infringement under 35 U.S.C § 271(c).

34. Square Enix will have been on notice of the ’228 Patent since, at the latest, the service of this complaint upon Square Enix. By the time of trial, Square Enix will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims of the ’228 Patent.

35. Square Enix may have infringed the ’228 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Square Enix system. Uniloc reserves the right to discover and pursue all such additional infringing software.

**COUNT II**

(INFRINGEMENT OF U.S. PATENT NO. 6,564,229)

36. Uniloc incorporates the paragraphs above by reference.

37. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,564,229 (“the ’229 Patent”), entitled SYSTEM AND METHOD FOR PAUSING AND RESUMING MOVE/COPY OPERATIONS, by inventors Baweja, et al., issued May 13, 2003. A copy of the ’229 Patent is attached as Exhibit B.

38. The ‘229 Patent has been referenced by nearly 70 other patents and patent applications including those filed by Microsoft, Samsung, EMC, Hewlett-Packard, Broadcom, Yamaha and Alcatel.

39. Uniloc USA is the exclusive licensee of the ’229 Patent, with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for infringement.

40. Square Enix has infringed, and continues to infringe one or more claims of the ’229 Patent, including at least Claim 1, in this district and elsewhere in Texas during the pendency of the ’229 Patent, including by making, using, importing, offering for sale and/or selling the Square Enix system which software and associated backend server architecture, inter alia, allow for writing a first portion of a data file, such as a game, to a file on the user’s computer; pausing the download using a “Pause” button during which pause the user’s computer is available for other processing operations; and resuming the download by using a “resume” button, thereby allowing a second portion of the game to be downloaded and written to a file on the user’s computer.

41. In addition, should the Square Enix system be found to not literally infringe one or more claims of the ’229 Patent, the Square Enix system would nevertheless infringe one or more claims of the ’229 Patent under the doctrine of equivalents, including at least Claim 1. More specifically, the accused Square Enix system performs substantially the same function (copying data from a source file to a target file on a user’s computer), in substantially the same way (via a pause and resume operation), to yield substantially the same result (allowing a user to perform other operations during the pause). Square Enix would thus be liable for direct infringement under the doctrine of equivalents.

42. Square Enix has indirectly infringed and continues to indirectly infringe one or more claims of the ’229 Patent, including at least claim 1, in this judicial district and elsewhere in Texas by, among other things, actively inducing the using, offering for sale, selling, or importing the Square Enix portal. Square Enix’s customers who use the Square Enix system in accordance with Square Enix’s instructions directly infringe one or more of the foregoing claims of the ’229 Patent in violation of 35 U.S.C. § 271. Square Enix directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at Square Enix.com. Square Enix is thereby liable for

infringement of the ’229 Patent under 35 U.S.C. § 271(b).

43. Square Enix has indirectly infringed and continues to indirectly infringe one or more claims of the ’229 Patent, including at least claim 1, in this judicial district and elsewhere in the Texas by, among other things, contributing to the direct infringement by others including, without limitation customers using the Square Enix system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the ’229 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

44. For example, the Square Enix system is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Square Enix system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Square Enix is, therefore, liable for infringement under 35 U.S.C § 271(c).

45. Square Enix will have been on notice of the ’229 Patent since, at the latest, the service of this complaint upon Square Enix. By the time of trial, Square Enix will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims of the ’229 Patent.

46. Square Enix may have infringed the ’229 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Square Enix system. Uniloc reserves the right to discover and pursue all such additional infringing software.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Square Enix as follows:

(A) declaring that Square Enix has infringed the ’228 Patent and ’229 Patent;

(B) awarding Uniloc its damages suffered as a result of Square Enix’s infringement of the ’228 Patent and ’229 Patent;

(C) enjoining Square Enix, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, and parents, and all others acting in concert or privity with it from infringing the ’228 Patent and ’229 Patent;

(D) awarding Uniloc its costs, attorneys’ fees, expenses, and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: April 12, 2017

Respectfully submitted,

*/s/ James L. Etheridge*

James L. Etheridge (Texas State Bar No. 24059147)
Ryan S. Loveless (Texas State Bar No. 24036997)
Brett A. Mangrum (Texas State Bar No. 24065671)
Travis L. Richins (Texas State Bar No. 24061296)
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

***Counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A.***